IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES J. SHADOAN, *et al.*, | ) |
|     Plaintiffs, | ) Case No. 1:20-CV-02538-TWP-MJD |
| | ) |
| | ) Judge Tanya Walton Pratt |
| v. | ) |
| | ) Magistrate Judge Mark J. Dinsmore |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**UNITED STATES' (1) PARTIAL WITHDRAWAL OF
ITS OPPOSITION TO PLAINTIFFS' MOTION TO STAY AND
(2) REQUEST FOR LEAVE TO FURTHER AMEND ITS MOTION TO DISMISS
AFTER BANKRUPTCY COURT RULES ON ABANDONMENT**

The Defendant United States hereby withdraws in part its Opposition to Plaintiffs' Motion to Stay Proceedings ("Opposition") (Doc. 27) and requests leave to file a Second Amended Motion to Dismiss within twenty-one (21) days of the Bankruptcy Court's resolution of its Motion to Compel Abandonment, attached hereto as Exhibit A. On February 22, 2021, counsel for the United States informed Plaintiffs' counsel of its intent to partially withdraw its opposition to the stay and request for leave to withdraw and refile an amended motion to dismiss, due to the fact that the Plaintiffs raised additional grounds for the stay in their reply (Doc. 28). After reviewing the reply, which relies on details that were omitted in the plaintiffs opening motion (and omitted in both the complaint and amended complaint), the United States agrees that a limited stay is warranted. Counsel for the plaintiffs did not concur with the relief sought. In support, the United States explains as follows:

    1.    On January 25, 2021, the United States filed an Amended Motion to Dismiss the Plaintiffs' Amended Complaint. Docs. 23-25.

1

2. The Plaintiffs have not filed a response to the Amended Motion to Dismiss; instead, on February 5, 2021, Plaintiff Shadoan reopened his prior bankruptcy case. *See In re James Joseph Shadoan*, No. 18-04305-JMC-7 Doc. 21. On February 10, 2021, Debtor Shadoan filed an Amended Schedule A/B listing the 2014 and 2016 refunds as financial assets owed to him. *In re Shadoan*, No. 18-04305-JMC-7, Doc. 24 at 5.

3. On February 9, 2021, Shadoan and Craig filed their Motion to Stay. Doc. 26.

4. On February 11, 2021, the United States filed an Opposition to the Motion to Stay. Doc. 27. On February 17, 2021, Plaintiffs filed a Reply. In light of the allegations within the Motion to Stay and supporting Reply, and upon further review of the potential impact to this tax refund suit, the United States now agrees that a limited stay is appropriate so that the Bankruptcy Court may first decide whether to order the abandonment of the bankruptcy trustee's right to claim the 2014 and 2016 refunds (to whatever extent there is any entitlement to a refund allocable to Shadoan). To that end, the United States filed a Motion to Compel Abandonment in the bankruptcy case on February 22, 2021. *See* **Exhibit A**.

5. Until the Bankruptcy Court rules on the Motion to Compel Abandonment, Plaintiff Shadoan lacks standing to pursue a tax refund in this matter, as any right to *claim* a refund is property of the bankruptcy estate. That is because when a bankruptcy case was originally closed, only scheduled property is automatically abandoned (*see* 11 U.S.C. § 544(c)), and the 2014 and 2016 tax refunds were not mentioned in the bankruptcy schedules. The recently amended schedules bring any right of Shadoan to claim a refund for a year ended prior to the bankruptcy petition into the bankruptcy estate. The United States' Motion to Compel Abandonment argues that the refund claims, at least as to Shadoan, are meritless and, thus, worthless to the bankruptcy estate because of the government's right of setoff.

6.	Depending on the outcome of the Motion to Compel Abandonment, the United States may need to further eliminate or add arguments to its Motion to Dismiss the Amended Complaint in this matter.  The United States avers that the Bankruptcy Court determination would not cure the untimely election issue with respect to the 2014 refund claim (which is explained in **Exhibit A**), but it may require a revised argument as to the 26 U.S.C. § 6402(g) jurisdictional issue since Shadoan will at least have standing in this Court to press his claims.  Additionally, if Plaintiff Craig seeks to recover her portion of the 2016 refund after Plaintiff Shadoan's portion is abandoned, that new argument would constitute a variance from Plaintiffs' administrative claim for refund, which divests this Court of jurisdiction.  The variance doctrine is also explained in **Exhibit A**.  Essentially, Craig is first required to file a timely claim for refund with the IRS spelling out her "injured spouse" claim, which was not included with the original joint claim for refund for 2016.  The United States requests that this Court allow it to file a Second Amended Motion to Dismiss within twenty-one (21) days of the Bankruptcy Court's resolution of the Motion to Compel Abandonment.  A proposed order is submitted herewith.

WHEREFORE, the United States requests that the Court stay this matter until the Bankruptcy Court resolves its Motion to Compel Abandonment and then allow the United States to file a Second Amended Motion to Dismiss within twenty-one (21) days of the Bankruptcy Court's order.

**[Signature page follows]**

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
SAMANTHA S. PRIMEAUX
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-2901 (Primeaux)
202-616-5218 (Nuñez)
202-514-5238 (f)
Samantha.S.Primeaux@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov