UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES J. SHADOAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02538-TWP-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO STAY AND RELATED MOTIONS**

This matter is before the Court on Plaintiffs' Motion to Stay Proceedings [Dkt. 26], Defendant's motion entitled United States' (1) Partial Withdrawal Of Its Opposition To Plaintiffs' Motion To Stay And (2) Request For Leave To Further Amend Its Motion To Dismiss After Bankruptcy Court Rules On Abandonment [Dkt. 29], and Plaintiffs' motion to strike Defendant's motion [Dkt. 30]. For the reasons set forth below, Plaintiffs' motions are **DENIED** and Defendant's motion is **GRANTED**.

Plaintiffs James Shadoan and Christine Craig are spouses. Plaintiffs filed this action on September 20, 2020, and filed their Amended Complaint on November 18, 2020. [Dkt. 13.] In their Amended Complaint, Plaintiffs allege that in October and November 2018 they filed amended married joint federal income tax returns for the years 2014, 2015, and 2016 seeking refunds for each year. Plaintiffs further allege that Defendant allowed part of the

requested refund for 2014 and "ignored . . . and therefore refused" the claimed refunds for 2015 and 2016.  Plaintiffs sought the remainder of the requested refunds, plus interest and attorney fees.  Plaintiffs have since agreed to dismiss their claim with regard to their 2015 tax return.  *See* [Dkt. 24 at 1 n.1].

On December 4, 2020, Defendant filed a motion to dismiss the Amended Complaint. [Dkt. 16.]  By order dated January 20, 2021, Defendant was granted leave to withdraw its motion to dismiss and file an amended motion to dismiss.  [Dkt. 22.]  In its amended motion to dismiss, Defendant argues, *inter alia*, that the Court lacks jurisdiction over Plaintiffs' claim with regard to the 2014 requested refund because the portion of the requested refund that was not paid to Plaintiffs was remitted by Defendant to the Indiana Department of Revenue because Defendant determined that Shadoan owed Indiana state individual income tax. Defendant argues that, as a matter of law, a district court has no jurisdiction to review such a remittance "unless Plaintiffs have first also filed timely administrative claims for refund for the tax years to which the overpayments were credited as determined by 26 U.S.C § 6511(a)-(b)."[1]  [Dkt. 24 at 10.]

Rather than filing a response to the motion to dismiss, Plaintiffs filed the instant motion to stay.  In that motion, Plaintiffs state that they were unaware that part of their federal refund had been remitted to the State of Indiana to cover Shadoan's state tax liability until

---

[1] The Court notes that Defendant has now filed a suit against Plaintiffs and the Indiana Department of Revenue in which it takes the position that Plaintiffs were not entitled to any refund for 2014.  *See USA v. Shadoan, et al.*, 1:21-cv-0560-SEB-MJD.  Plaintiffs' arguments with regard to the propriety of this suit are not currently before the Court, and the Court expresses no opinion regarding those arguments.

Defendant filed its amended motion to dismiss.  Upon learning this information, Shadoan moved to reopen his Chapter 7 bankruptcy case, which he had filed in June 2018 and which was closed in September 2018 after Shadoan received an Order of Discharge.  Shadoan's 2014 and 2016 income tax refund claims had not been included in his bankruptcy proceedings because the amended tax returns seeking the refunds were filed after the bankruptcy was completed.  Shadoan thus moved to reopen the bankruptcy case "to file an Amended Schedule showing Plaintiffs' 2014 and 2016 married filing joint overpayment refund amounts."  [Dkt. 26 at 4.]  Plaintiffs explain that they believe that "married filing joint federal individual income tax overpayments are to be allocated between a debtor taxpayer spouse and a non-debtor taxpayer spouse according to their respective different or separate income, deductions and tax payments" and that the bulk of the overpayments in 2014 and 2016 are properly allocated to Craig, not Shadoan.  They further argue that "[t]he determination by the Trustee and/or Bankruptcy Court of such allocation, and whether Shadoan's portion is to be abandoned, have a bearing on this case" and "[a]n asset determination in the Bankruptcy Case respecting the 2014 and 2016 refund claims is also needed to establish whether Plaintiffs may recover all as opposed to just Craig's portions of their refund claims."  *Id.*  Further, "[i]n addition to allocating portions of the 2014 and 2016 refund claims according to Lee, the Bankruptcy Court will settle whether the portion allocated to Shadoan was abandoned by the Trustee, and whether Plaintiffs are entitled to full principal refunds for both years, without there being an offset to taxes Shadoan owed prior to the discharge in his Bankruptcy Case."  *Id.* at 5.

In response to the motion to stay, Defendant argued that the stay should be denied because

> granting the Motion to Stay would freeze this matter for an indefinite duration until the parties brief the same issues for the Bankruptcy Court and that court renders a ruling.  The Bankruptcy Court does not have some separate mechanism to determine Plaintiffs' entitlement to the refunds that this Court does not possess. The Bankruptcy Court would have to make the same jurisdictional inquiries as this Court into the propriety of the refunds before it determined anything else; and that process is already ongoing here.  If the Bankruptcy Court were to decide this issue, it would merely delay resolution of this case for no good reason.
>
> If this Court rules that Plaintiffs are jurisdictionally barred from obtaining refunds, there will be nothing pending before the Bankruptcy Court, as there would be no factual or legal basis for that court to determine that the purported refunds are part of the bankruptcy estate or to apportion Plaintiffs' purported refunds.  This Court's determination of the jurisdictional basis for the refunds sought will thus determine if there are any assets for the bankruptcy estate or not. Plaintiffs, in short, are putting the cart before the horse by trying to apportion the asset in Bankruptcy Court as the first step.  By seeking a stay of their own action in order to invoke the jurisdiction of the Bankruptcy Court, Plaintiffs are unnecessarily multiplying judicial proceedings and delaying prompt resolution of this matter.

[Dkt. 27 at 5-6.]

Following Plaintiffs' reply in support of the motion to stay, Defendant filed its motion entitled United States' (1) Partial Withdrawal Of Its Opposition To Plaintiffs' Motion To Stay And (2) Request For Leave To Further Amend Its Motion To Dismiss After Bankruptcy Court Rules On Abandonment.  [Dkt. 29.]  Defendant explained that "the Plaintiffs raised additional grounds for the stay in their reply" and "[a]fter reviewing the reply, which relies on details that were omitted in the plaintiffs opening motion (and omitted in both the complaint and amended complaint), the United States agrees that a limited stay is warranted." *Id.* at 1.  Specifically, the Defendant agreed that this case should be stayed until the Bankruptcy Court

4

determined "whether to order the abandonment of the bankruptcy trustee's right to claim the 2014 and 2016 refunds (to whatever extent there is any entitlement to a refund allocable to Shadoan)," which Defendant had asked the Bankruptcy Court to do. *Id.* at 2. A determination on the motion for abandonment was necessary because "[u]ntil the Bankruptcy Court rules on the Motion to Compel Abandonment, Plaintiff Shadoan lacks standing to pursue a tax refund in this matter, as any right to claim a refund is property of the bankruptcy estate." *Id.* Defendant explained that, "[d]epending on the outcome of the Motion to Compel Abandonment, the United States may need to further eliminate or add arguments to its Motion to Dismiss the Amended Complaint in this matter." *Id.* at 3.

Instead of responding to Defendant's motion, Plaintiffs filed a motion to strike it. [Dkt. 30.] Plaintiffs offer two reasons why the motion should be stricken. First, they argue that the motion violates Local Rule 7-1(a)'s requirement that motions must be filed separately. The Court disagrees. Defendant's motion asks the Court not to rule on its pending motion to dismiss until after the Bankruptcy Court resolves the abandonment issue and for leave to amend its motion to dismiss following the Bankruptcy Court's ruling on that issue. It simply would not have been feasible to make those intertwined requests in two separate motions.

Somewhat contradictorily, Plaintiffs also argue that Defendant's motion is really a surreply in opposition to Plaintiffs' motion to strike that was filed without leave of court and therefore should be stricken. But it was not a surreply; it was a **motion** made because Defendant changed its position based on Plaintiffs' reply brief. And as Defendant properly points out, it could have simply withdrawn its pending motion to dismiss and raised the issues therein later. *See, generally,* Fed. R. Civ. P. 12(h)(2). Inasmuch as it is certainly to

everyone's benefit to have those legal issues decided as early in the case as possible, Defendant's motion to amend its motion to dismiss was definitely the preferable course of action.  Defendant's motion was not improper, and Plaintiffs' motion to strike it is **DENIED**.

Turning to the merits of Plaintiffs' motion to stay, the Bankruptcy Court has now granted the Defendant's motion to compel abandonment.  *See* [Dkt. 33-1].  Plaintiffs argue that a stay is still appropriate because

> [t]here is also the matter of the Bankruptcy Court ruling upon apportionment of Plaintiffs' married joint federal 2014 and 2016 overpaid individual income tax refunds according to the Separate Filings Rule/Internal Revenue Service Formula described and espoused by this Court In re Lester L. Lee, Debtor, 508 B.R. 399 (S.D. Ind. 2014).

[Dkt. 30 at 4.]  But Plaintiffs fail to explain how it is appropriate for the Bankruptcy Court to make any apportionment determination with regard to property that has been abandoned by the Trustee and therefore is no long part of the bankruptcy estate.  And even if the Bankruptcy Court could make such a determination, Plaintiffs fail to explain why it, rather than this Court, should do so, should an apportionment determination become necessary.  The Court sees no reason to stay this case pending any further action by the Bankruptcy Court, and the motion to stay is accordingly **DENIED**.

Finally, as noted above, if Defendant has additional legal issues to raise in a motion to dismiss, judicial economy is best served by them being raised now, in a single motion. Accordingly, Defendant is granted leave to file a second amended motion to dismiss **within 21 days of the date of this Order**.  The motion shall be a stand-alone motion that includes all of Defendant's arguments; upon its filing, the first amended motion to dismiss will be denied

as moot.  Accordingly, Plaintiffs need not file a response to the first amended motion to dismiss.

In summary, for the reasons set forth above, Plaintiffs' Motion to Stay Proceedings [Dkt. 26] is **DENIED**; Defendant's motion entitled United States' (1) Partial Withdrawal Of Its Opposition To Plaintiffs' Motion To Stay And (2) Request For Leave To Further Amend Its Motion To Dismiss After Bankruptcy Court Rules On Abandonment [Dkt. 29] is **GRANTED**; and Plaintiffs' motion to strike Defendant's motion [Dkt. 30] is **DENIED**. Defendant shall file its second amended motion to dismiss **within 21 days of the date of this Order**.

SO ORDERED.

Dated:  31 MAR 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.