UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES J. SHADOAN and <br> CHRISTINE A. CRAIG, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-cv-02538-TWP-MJD <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DEFENDANT'S SECOND AMENDED (SUPERSEDING) MOTION
TO DISMISS AND PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

This matter is before the Court on the United States of America's Second Amended (Superseding) Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Filing No. 38). Plaintiffs James J. Shadoan ("Shadoan") and Christine A. Craig ("Craig") (collectively, "Plaintiffs") initiated this action to recover tax overpayments related to their individual income tax filings for years 2014 and 2016.[1] (Filing No. 1.) The United States moves to dismiss the instant case based on the Court lacking subject matter jurisdiction to decide Plaintiffs' claims or, in the alternative, that Plaintiffs failed to state claims upon which relief can be granted. The United States also has pending a related case against the Plaintiffs and the State of Indiana Department of Revenue (the "Department" or "IDOR"), which is assigned Case No. 1:21-cv-00560-TWP-MJD. Also before the Court is Plaintiffs' Motion to Consolidate cases (Filing No. 42), wherein Plaintiffs seek consolidation of the two cases. For the following reasons, the Court **grants** the Motion to Dismiss and **denies** the Motion to Consolidate as moot.

---

[1] On January 18, 2021, the parties stipulated to striking Plaintiffs' additional claim (Count II) seeking overpayment for the 2015 tax year.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On October 15, 2015, Plaintiffs--who are married--filed their 2014 individual income tax returns using the married filing separately status. (Filing Nos. 40-4, 46-8, 46-9.) They chose the same married filing separately status when they filed their 2016 individual income tax returns on October 12, 2017. (Filing No. 40-5.) The following year, on June 5, 2018, Shadoan filed a Chapter 7 bankruptcy petition. (Filing No. 39 at 8.) The Bankruptcy Court entered a discharge order on September 15, 2018. *Id.*

After learning of Shadoan's discharge, Plaintiffs' tax preparer analyzed their 2014 and 2016 tax returns. (Filing No. 46-7.) The tax preparer determined that had Plaintiffs filed their tax returns using the married filing jointly status, they would be entitled to overpayments for each year. *Id.* Plaintiffs then filed amended 2014 and 2016 individual income tax returns electing the joint filing status on or about October 8, 2018 and November 6, 2018, respectively. (Filing Nos. 40-4, 40-5.)

After receiving Plaintiffs' amended 2014 tax return, the Internal Revenue Service ("IRS") allowed an overpayment in the amount of $8,940.93, plus $1,626.91 in statutory overpayment interest, for a total refund of $10,567.84. (Filing No. 40-2.) On or around July 15, 2019, the IRS, pursuant to 26 U.S.C. § 6402(e), diverted $8,494.37 of Plaintiffs' 2014 overpayment to the State of Indiana to pay for an outstanding state income tax liability. *Id.* Plaintiffs received the remaining amount as a $2,073.47 refund. *Id.* As for Plaintiffs' amended 2016 tax return, the IRS applied the

joint overpayment to Shadoan's outstanding tax liability for the 2007 and 2009 tax years in the amount of $17,600.77.  (Filing No. 40-3.)

Plaintiffs filed this lawsuit on September 30, 2020, seeking to recover income tax overpayments for the 2014 and 2016 tax years.  (Filing No. 1.)  Plaintiffs amended their complaint on November 18, 2020.  (Filing No. 13.)  In its Amended Motion to Dismiss, the United States seeks dismissal of the Amended Complaint based on lack of jurisdiction and failure to state a claim.  (Filing No. 23.)  Thereafter, Plaintiffs filed a Motion to Stay Proceedings based on Shadoan reopening his bankruptcy case to file an Amended Schedule showing Plaintiffs' amended 2014 and 2016 tax returns.  (Filing No. 26.)  After initially objecting to the stay, the United States filed notice of its partial withdrawal of its opposition to the motion to stay and requested leave to amend its motion to dismiss based on the ruling from the bankruptcy court.  (Filing No. 29.)

On March 25, 2021, the United States provided notice to the Court that the Bankruptcy Court abandoned Shadoan's portion of the federal tax refunds for the 2014 and 2016 tax years and reiterated its request for leave to amend its motion to dismiss. (Filing No. 33.) The Court denied Plaintiffs' Motion to Stay and granted the United States' Motion to Amend on March 31, 2021. (Filing No. 34.) On April 21, 2021, the United States filed its Second Amended (Superseding) Motion to Dismiss seeking to dismiss Plaintiffs' claims for the 2014 and 2016 overpayments.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction and all claims must fall within the limits defined in Article III, Section 2 of the U.S. Constitution and related statutes.  *See, e.g.,* 28 U.S.C. §§ 1331-32, 1343, 1367.  To survive a Rule

12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. V. Burwell*¸770 F.3d 586, 588-89 (7th Cir. 2014). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.* When addressing a Rule 12(b)(1) challenge, the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the [non-moving] party." *St John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

**B.** **Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a claim. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court accepts all well-pleaded factual allegations in the complaint as true and construes all reasonable inferences in the non-moving party's favor. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal

4

conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

### III. DISCUSSION

**A.  Motion to Dismiss**

In its Motion to Dismiss, the United States asks the Court to dismiss Count I: Plaintiff's 2014 tax year claim, and Count III: Plaintiff's 2016 tax year claim, pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that the amended complaint is barred by sovereign immunity, as there are jurisdictional deficiencies for the 2014 and 2016 tax years that deprive the Court of subject matter jurisdiction. Alternatively, the United States seeks dismissal of Count I–the 2014 tax claim, under Fed. R. Civ. P. 12(b)(6), as the amended complaint fails to state a plausible claim for relief due to untimely election of joint filing status. The Court will address each of the counts in turn.

**1.  Count I - 2014 Tax Overpayment**

Plaintiffs allege in Count I of their Amended Complaint that the United States refused to return their full overpayment for the 2014 tax year, returning only $2,073.47 and withholding the remaining $6,630.53 ($8,704.00 total). (Filing No. 13 at 2-3.)

The United States asserts that the IRS was entitled, pursuant to 26 U.S.C. § 6402(e), to reduce the Plaintiffs' overpayment based on "a past-due legally enforceable state income tax obligation that Plaintiff Shadoan owed to the State of Indiana according to IDOR." (Filing No. 39 at 25.) The United States argues that once a tax refund has been reduced by an amount to pay a federal agency or a state taxing authority, the district court lacks subject matter jurisdiction to review Plaintiffs' claim. *See* 26 U.S.C. § 6402(g); *see also Ivy v. Comm'r of the Internal Revenue Serv.*, 197 F. Supp. 3d 139, 142 (D.D.C. 2016), *aff'd sub nom. Ivy v. Comm'r of Internal Revenue Serv.*, 877 F.3d 1048 (D.C. Cir. 2017). And even if Plaintiffs' claims were not barred by § 6402(g),

5

the Plaintiffs' claims should be dismissed as they untimely filed their amended 2014 tax return electing the married filing jointly status. (Filing No. 39 at 25.) Title 26 U.S.C. § 6013(b)(2)(A) requires that a return electing joint filing status must be filed no later than "3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse)." *Id.* As the deadline for filing an individual tax return is April 15 of the following year, the United States asserts that Plaintiffs had until April 15, 2018 to file their amended tax return. *Id.* at 26. Plaintiffs filed their amended return on or about October 8, 2018, thus, the United States contends their amended tax return was untimely.

In response, Plaintiffs argue their amended tax return was filed timely and that the United States misconstrues § 6013. (Filing No. 46 at 18.) Plaintiffs contend that the three-year statute of limitations is not April 15, "but the last date prescribed by law for filing the return for either one of the spouses." *Id.* Since they both filed extensions for their 2014 individual income tax filings and were granted until October 15, 2015 to file their returns, Plaintiffs contend their returns filed on October 8, 2018 were timely. *Id.* at 19. Plaintiffs argue that if the filing was untimely, the IRS would have denied the return. *Id.* at 21.

Plaintiffs also argue that the limits of § 6402(g) do not prevent their claim from proceeding. *Id.* at 22. Plaintiffs contend that their administrative claim, in the form of their amended 2014 tax return, was filed nine months prior to the payment to the IDOR. *Id.* Plaintiffs assert that their complaint was not based on the payment to IDOR but directed to the IRS for failing to pay their return. Plaintiffs also argue that they failed to receive proper notice of the offset to IDOR pursuant to 31 C.F.R. § 285.8(e). *Id.* at 23. Finally, Plaintiffs argue that the IRS is required to honor a request to return the money and should request the Bureau of Fiscal Service recover it from the state. *Id.* at 23-24.

In reply, the United States again reiterates the jurisdictional bar in § 6402(g). The United States argues that as Plaintiffs' suit "seeks to recover from the IRS the amount of the reduction the IRS offset to IDOR," § 6402(g) expressly forecloses this Court from hearing the case. (Filing No. 50 at 10-11.) The United States contends that, pursuant to the remaining sections of § 6402, Plaintiffs' proper course of action would be to file a crossclaim against IDOR in the United States' affirmative case. *Id.* at 11. The United States also asserts that Shadoan did receive notice of the offset through a letter on July 8, 2019, a fact which is disputed by Plaintiffs. (*See id.*; Filing No. 53 at 6-7.)

As required when reviewing a motion to dismiss, the Court accepts the pleadings as true and draws all inferences in favor of Plaintiffs as the non-moving party. *Bielanski*, 550 F.3d at 633. However, after a defendant has brought a challenge regarding the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction.

Section 6402 of the Internal Revenue Code authorizes the Treasury Department to offset the amount of any tax refund due to an individual by the amount that individual owes to a state. 26 U.S.C. § 6402. Subsection (e) requires the Secretary of the Treasury to offset federal income tax refunds and apply the offset to any "past-due, legally enforceable State income tax obligation" upon receiving notice from a state that such a tax obligation is owed. *See* § 6402(e)(1).

Additionally, § 6402(g) states, in part, "No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)." Section 6402(g) is a "jurisdictional bar" that prevents federal courts from reviewing any claim under federal law that a plaintiff may have regarding the interception of his or her tax refund under § 6402(e). *See also* 31 C.F.R. § 285.8(i) ("In accordance with 26 U.S.C.

6402(g), any reduction of a taxpayer's refund made pursuant to 26 U.S.C. 6402(e) or (f) shall not be subject to review by any court of the United States . . . .").

The Court does not need to address the timeliness of Plaintiffs' claim as it concludes that § 6402(g) bars it from hearing the 2014 tax overpayment claim. At the motion to dismiss stage, the Court is required to decide the factual dispute regarding the 31 C.F.R. § 285.8(e) notice in Plaintiffs' favor. But even presuming that Plaintiffs did not receive the July 8, 2019 notice of offset, the failure to follow that specific portion of the Treasury regulation does not change the basis for Plaintiffs' full overpayment not being returned. IDOR provided notice to the IRS of Shadoan's past due, legally enforceable state income tax obligation. Under the requirements of § 6402(e), that portion of Plaintiffs' overpayment was sent to IDOR to satisfy that tax obligation. This clearly falls within the restrictions outlined in § 6402(g). Plaintiffs' arguments, which were unsupported by any case law, have not persuaded the Court that an applicable exception to § 6402(g) either exists or applies.

Regardless of how Plaintiffs' wish to characterize their claim, they are seeking a refund of the amount of money that was paid to IDOR. This amount was paid pursuant to § 6402(e), thereby falling into the jurisdictional bar prescribed under § 6402(g). Thus, Plaintiffs' claim regarding their 2014 tax overpayment (Count I) is **dismissed**.

    **2.**     <u>**Count III - 2016 Tax Overpayment**</u>

In Count III of their Amended Complaint, Plaintiffs allege that the United States refused to return their overpayment for the 2016 tax year in the amount of $15,595.00. (Filing No. 13 at 4.) The United States acknowledges Plaintiffs overpaid, however, pursuant to § 6402(a), the IRS correctly credited the overpayments to Plaintiff Shadoan's outstanding tax liabilities for the 2007 and 2009 tax years. (Filing No. 39 at 13.) Plaintiffs contend that it was improper for the IRS to

offset a joint overpayment entirely to Shadoan's separate tax liabilities, and seek the portion of the overpayment attributable to Craig. (Filing No. 26.)

The United States sets forth three arguments for the dismissal of Plaintiffs' claim. First, Plaintiffs' current claim is based on an injured spouse claim; however, Plaintiffs have failed to allege that they filed an injured spouse claim with the IRS prior to filing their claim, which varies from the original refund claim they made when filing their amended 2016 tax return. (Filing No. 39 at 16.) When the IRS attempts to use an overpayment due under a joint return of a married couple to offset a separate and independent liability owed to the government by one of the spouses, the non-indebted spouse may bring an "injured spouse claim" to receive his or her share of the overpayment before the offset is made. *Barker v. United States*, No. 05-1143T, 2006 WL 2472656, at *2 n. 1 (Fed. Cl. July 19, 2006). The United States contends that Plaintiffs have thus failed to comply with 26 U.S.C. § 7422(a), which requires Plaintiffs to exhaust their administrative remedies. *See Ruscitto v. United States*, No. Civ. A. 11-824, 2013 WL 3746048, at *5-7 (W.D. Pa. Apr. 8, 2013), *report and recommendation adopted as modified*, No. Civ. A. 11-824, 2013 WL 2422794 (W.D. Pa. May 31, 2013), *aff'd*, 629 F. App'x 429 (3d Cir. 2015).

Second, to the extent Plaintiffs seek a portion of the overpayment attributable to Shadoan, the IRS had a right under 26 U.S.C. § 6402(a) to credit his portion to his pre-petition tax liabilities and its right to setoff was preserved by 11 U.S.C. § 553. (Filing No. 39 at 18.) The United States contends that "it is no longer reasonable to argue that the right of setoff for prepetition obligations and claims does not survive discharge." *Id.* According to the United States, a post-petition obligation cannot be offset against a discharged prepetition obligation. *See In re Conti*, 50 B.R. 142, 149-50 (Bankr. E.D. Va. 1985). The United States asserts that Plaintiffs filing their amended

tax returns after Shadoan's discharge has no bearing on its right to claim the 2016 tax overpayment. ([Filing No. 39 at 19](#).)

Third, the United States contends that Plaintiffs' claim should be dismissed because Plaintiffs have not filed for a refund for the tax years to which the overpayments were offset. The United States argues that, pursuant to controlling circuit law, the Plaintiffs were required to timely file administrative claims for refund for the tax years to which the overpayments were credited. *See Greene-Thapedi v. United States*, 549 F.3d 530 (7th Cir. 2008). In *Greene-Thapedi*, the plaintiff sought return of her 1999 tax overpayment that was applied to a 1992 tax liability. *Id.* at 531. The Seventh Circuit vacated the district court's judgment and remanded with instructions to dismiss the case for lack of subject matter jurisdiction because the plaintiff never filed an administrative claim for the 1992 taxable year. *Id.* at 532-33. The United States asserts that, as Shadoan failed to filed claims for refunds for the years the overpayment was applied—2007 and 2009—the Court should dismiss the case for lack of subject matter jurisdiction.

In response, Plaintiffs first argue that any variance defense cannot be used by the government to argue that subject matter jurisdiction does not exist when it created the circumstances of the alleged variance. ([Filing No. 46 at 11](#).) The "variance doctrine" is codified in 26 C.F.R. § 301.6402-2. Under the variance doctrine, "a taxpayer is barred from raising in a refund suit grounds for recovery which have not previously been set forth in its claim for a refund." *El Paso CGP Co., L.L.C. v. United States*, 748 F.3d 225, 228 (5th Cir. 2014). Plaintiffs contend that after filing their 2014 and 2016 amended tax returns, the IRS diverted all of the 2016 overpayment and most of the 2014 overpayment. *Id.* at 11-12. Plaintiffs assert that the government's creation of the variance defense and proceeding exploitation of it as a bar to jurisdiction should be disregarded as "inequitable." *Id.* at 12. Plaintiffs also argue that the

10

government knew Plaintiffs' reason for bringing a claim as the IRS was aware of Shadoan's bankruptcy case and received at least one letter from Plaintiffs' counsel attempting to address the 2016 tax overpayment.  *Id.*

Plaintiffs also argue that Craig's portion of the 2016 refund is not barred based on the government's variance argument.  *Id.* at 13.  The variance doctrine "does not bar introduction and reliance upon new supporting facts relating to a legal ground or ultimate fact raised in a timely claim." *Id.*  Plaintiffs assert that their tax overpayment calculated per the Separate Filings Rule or IRS Allocation Rule is "simply a supporting fact or ultimate fact raised in a timely claim." *Id*.  By processing Plaintiffs amended 2016 return, Plaintiffs argue, the government fully understood that new assessments were being made based on a change from married filing separate to married filing jointly. *Id.*  Plaintiffs contend that the Separate Filings Rule or IRS Allocation Rule was only an issue after the IRS diverted the 2016 overpayment to Shadoan's 2007 and 2009 discharged federal income tax liabilities. *Id.* at 14.  Plaintiffs argue that, after filing the complaint, asserting the Separate Filings Rule or IRS Allocation Rule was "a perfunctory aspect of the issue raised in the Complaint to Recovery [sic] Income Tax Overpayments, which was on its face sufficiently pled to notify the IRS [about] the underlying facts in this cause of action . . . ".  *Id.*

Finally, Plaintiffs allege that the United States has waived the variance defense in two additional ways.  First, Plaintiffs claim that a variance defense is waived for failure to raise the defense when known.  *Id.* at 15.  Plaintiffs contend that the United States should have asserted this defense during a December 2020 conference call or when the government filed its First Amended Motion to Dismiss.  *Id.*; *see also* Filing No. 23.  Second, Plaintiffs allege that the United States withheld at least one document attached to its motion.  (Filing No. 46 at 16.)  Plaintiffs assert that

they previously asked for all relevant transcripts early in this case but failed to receive them from the United States. *Id.*

In reply, the United States contends that it has not waived its variance defense. (Filing No. 50 at 3.) The United States argues the Plaintiffs have failed to acknowledge or challenge that it exercised the legitimate offset authority given to it through § 6402. *Id.* The United States further asserts that Plaintiffs mistakenly blame the IRS for Plaintiffs' variance between their 2016 amended return and the amended complaint in this matter. *Id.* at 4. As the United States points out, Plaintiffs amended return states, "[t]his amended return utilizes the married filing joint status to calculate their combined tax liabilities." (Filing No. 40-5.) The United States argues that the amended return says nothing about "requesting an allocation under *Lee* or Craig's reasoning for filing an injured spouse claim," much less that Shadoan's bankruptcy was related to the amended return. (Filing No. 50 at 4.) Ultimately, the government claims Plaintiffs underlying claims for refund in this tax action vary from their administrative claim, asserting new factual or legal reasons for a refund and, thus, requiring dismissal. *See, e.g., Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 299 (1945); *Danly Mach. Corp. v. United States*, 356 F. Supp. 1284, 1288 (N.D. Ill. 1972) (citing *Carmack, et al. v. Scotfield*, 201 F.2d 360 (5th Cir. 1953)).

The United States also replies that it did not waive its variance defense by either failing to raise it during the December 2020 conference or in its first Amended Motion to Dismiss. (Filing No. 50 at 5.) As the United States points out, Plaintiffs did not seek to reopen Shadoan's bankruptcy case until two months after the conference call and two weeks after the United States' first Amended Motion to Dismiss. *Id.* The issues that Plaintiffs now raise were neither included in their administrative claim nor their Amended Complaint, making the United States unable to include them in earlier discussions and motions. *Id.* Further, the United States correctly points

12

out that this Court allowed the government to withdraw its first motion and denied the Amended Motion to Dismiss as moot. (Filing Nos. 22, 45.) The United States also addressed Plaintiffs' claim that it waived its defense by withholding documents by pointing out that formal discovery had not yet begun in this case and it was under no obligation to disclose documents. (Filing No. 50 at 6.)

Next, the United States indicates that both it and Plaintiffs have been utilizing the wrong date to determine the statute of limitations for the injured spouse claim. *Id.* While articulating the correct standard under § 6511, the government cites to an IRS instruction document regarding when to file the Form 8379, which states that the claim should be filed "within 3 years from the due date of the original return (including extensions) or within 2 years from the date that you paid the tax that was later offset, whichever is later." (Filing No. 50-1.) Referencing *Ruscitto*, the United states indicates that there the court dismissed the complaint because the injured spouse claim was not filed within two years of payment or three years from the original return. 2013 WL 3746048, at *7. Under this standard, the United States asserts that Craig only had until October 15, 2020 to file her injured spouse claim and, thus, missed the deadline.

Finally, the United States contends that Plaintiffs' failure to exhaust their administrative requirements prior to filing suit mandates dismissal. (Filing No. 50 at 7.) Plaintiffs attached to their response a Form 8379 (injured spouse claim) that was submitted on April 29, 2021. (Filing No. 46-13.) The United States argues that not only is Plaintiffs' claim untimely, but that they have provided proof that they did not exhaust their administrative remedies prior to filing suit. (Filing No. 50 at 8.) The United States asserts that this proves that Craig has not complied with the administrative exhaustion requirements of §§ 6511, 6532, and 7422 as she must wait six months from the filing of the claim to file a refund suit. *Id.*

The Court is, once again, unpersuaded that Plaintiffs have met their burden showing that this Court has subject matter jurisdiction to hear their claim. The Seventh Circuit succinctly captured the requirements for bringing a claim before the district court:

> The federal income tax laws are complicated. Taxpayers make mistakes when filing returns and paying taxes, and the IRS makes mistakes when assessing and collecting them. An essential element of the revenue system is the power Congress has given the IRS to resolve these problems internally through reasonable procedures of the agency's design. See 26 U.S.C. §§ 7422(a), 7433(d)(1) (requiring exhaustion of administrative remedies before filing suit). Congress also imposed a statute of limitations that requires refund claims be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). Only taxpayers who have filed timely refund claims and then exhausted these administrative procedures may sue the government for tax refunds in federal court under 28 U.S.C. § 1346 and 26 U.S.C. § 7433.

*Goldberg v. United States*, 881 F.3d 529, 532 (7th Cir. 2018). Based on the evidence presented by the parties, the Court concludes that Plaintiffs have not appropriately exhausted their administrative remedies prior to filing suit.

Under 26 U.S.C. §7422, a taxpayer seeking a refund first must file a valid claim with the Secretary of the Treasury before it is entitled to bring an action in district court. *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520 (7th Cir. 2008). To make a claim for refund, a taxpayer must affirm that the substance of the refund claim is true and "set forth *in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis* thereof." 26 C.F.R. § 301.6402-2 (emphasis added). When a taxpayer's refund claim is denied, the taxpayer is limited in subsequent litigation to the grounds contained with the refund claim. *Blakely v. United States*, 593 F.3d 1337, 1342 (Fed. Cir. 2010). This prevents surprise and gives adequate notice to the government of the claim and specific facts, allowing for an administrative investigation. *Computervision Corp. v. United States*, 445 F.3d 1355, 1363 (Fed. Cir. 2006).

Plaintiffs allege that the filing of their 2016 amended tax return was sufficient to meet their burden of making a valid, pre-suit administrative claim. (Filing No. 46 at 12.) The 2016 amended return states, "The taxpayer Christine A Craig and the spouse, James J Shadoan both filed 2016 tax returns using the married filing separate filing status. Line A. Original Amount reflects their combined married filing separate activities. This amended return utilizes the married filing jointly status to calculate their combined tax liabilities." (Filing No. 40-5 at 2.) Plaintiffs' amended return includes nothing about Craig's injured spouse claim, much less Shadoan's arguments regarding his bankruptcy discharge. And Plaintiffs received notice from the IRS that their 2016 tax overpayment was applied to Shadoan's 2007 and 2009 tax liabilities on April 29, 2019, almost seventeen months prior to filing suit in this case. (Filing No. 46-12.) Plaintiffs' assertion that the United States "created" the variance that now prevents jurisdiction lacks merit given the knowledge and time Plaintiffs had to bring an appropriately detailed administrative claim prior to filing suit.

Plaintiffs further demonstrated that they did not exhaust their administrative remedies when they attached Craig's injured spouse claim (Form 8379) to their response. (Filing No. 46-13.) As shown through the instructions for Form 8379, (Filing No. 50-1), this is clearly the appropriate method for bringing an injured spouse claim. Plaintiffs did not file this form until April 29, 2021. Plaintiffs cannot assert a claim to Craig's portion of the 2016 overpayment under the Separate Filings Rule or IRS Allocation Rule when they did not file an administrative claim with the IRS until seven months *after* they filed their initial complaint with this Court. *See Ruscitto*, 2013 WL 3746048, at *6 n. 5.

Where a party fails to exhaust their administrative remedies, the district court does not have jurisdiction over the matter. *Green-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008). The evidence submitted demonstrates that Plaintiffs did not exhaust their administrative remedies.

This Court, therefore, lacks jurisdiction to hear Plaintiffs' claim regarding their 2016 tax overpayment (Count III) and it is **dismissed**.

This is a dismissal for lack of subject matter jurisdiction and hence the Rule 12(b)(1) portion of the United States' Motion to Dismiss must be **granted.** No other discussion of Plaintiffs' claims is permitted. *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)" (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 93–102 (1998))); *Lewis v. Local Union No. 100 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1377 n.11 (7th Cir. 1984) ("It is well established that 'lack of jurisdiction renders . . . [a court] powerless to make a decision on the merits.'") (*Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 488 F.2d 75, 76 (5th Cir. 1973)). The Rule 12(b)(6) portion of the United States' Motion to Dismiss is therefore not addressed.

**B.   Motion to Consolidate Cases**

Plaintiffs filed a Motion to Consolidate cases seeking to merge this case with Case No. 1:21-cv-00560-TWP-MJD—a case filed against them by the United States. (Filing No. 42.) Because the Court has granted the United States' Motion to Dismiss the remaining claims in Plaintiffs' Amended Complaint, there are no remaining claims to consolidate. Accordingly, Plaintiff's' Motion to Consolidate is **denied as moot.**

### IV.   CONCLUSION

For the reasons stated above, the United States of America's Second Amended (Superseding) Motion to Dismiss, (Filing No. 38), is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1). A dismissal for lack of subject matter jurisdiction is not a decision on the

16

merits and thus is without prejudice. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) ("a dismissal for want of subject-matter jurisdiction is necessarily without prejudice"). The Court also **DENIES as moot** Plaintiffs' Motion to Consolidate, (Filing No. 42).

Final judgment will issue under separate order.

**SO ORDERED.**

Dated: 11/8/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James K. Gilday
GILDAY & ASSOCIATES PC
jgilday@gildaylegal.com

Jeffrey Nathan Nunez
US DEPARTMENT OF JUSTICE -- TAX DIVISION
jeffrey.n.nunez@usdoj.gov

Samantha Suzanne Primeaux
US DEPARTMENT OF JUSTICE - TAX DIVISION (Washington DC)
samantha.s.primeaux@usdoj.gov